UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER AMBROSE WILLIAMS,

                Plaintiff,

-v-

FEDERAL EXPRESS CORPORATION,

                Defendant.

20-CV-8190 (RA)

ORDER OF SERVICE

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff, appearing *pro se*, brings this alleging that his employer unlawfully fired him for engaging in protected activity, in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. By order dated October 5, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    Rule 4(m) of the Federal Rules of Civil Procedure requires that the summons and complaint be served within 90 days of the date the complaint is filed.  Because Plaintiff is proceeding IFP, he could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as

the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Federal Express Corporation through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for that defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon that defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff has consented to receive electronic service. (ECF 4.) The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Federal Express Corporation and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   December 16, 2020
         New York, New York

                                              _____
                                                    RONNIE ABRAMS
                                              United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Federal Express Corporation
Robbin Wilson Hutton Esq.
3620 Hacks Cross Rd. Bldg. B 2d Fl.
Memphis, TN 38125